UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY B. EAVES,

                        Plaintiff,

            -against-

BETFAIR INTERACTIVE US LLC; MVB
BANK, INC.; PENNSYLVANIA GAMING
CONTROL BOARD; FLUTTER
ENTERTAINMENT PLC; VALLEY FORGE
CASINO AND RESORT; NEW YORK
GAMING COMMISSION; FAN DUEL,
INC.,

                        Defendants.

24-CV-5951 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Pittsburgh, Pennsylvania, brings this action *pro se*. He invokes the Court's federal question jurisdiction. 28 U.S.C. § 1331. Plaintiff asserts claims arising from online gaming and other gambling. For the following reasons, the Court transfers this action to the United States District Court for the Western District of Pennsylvania.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For purposes of venue, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings this suit against Defendants, indicating that Defendants are located in Pennsylvania (Valley Forge Casino & Resort, and the Pennsylvania Gaming Board), West Virginia ("MVB Bank, Inc."), New York (Fan Duel, Inc., New York Gaming Commission), California and New Jersey (Betfair Interactive US, LLC), and Ireland (Flutter Entertainment PLC).[1]

Venue does not appear to be proper in this district under Section 1391(b)(1) based on the residence of Defendants because nothing in the complaint suggests that all defendants reside in New York. Venue also does not appear to be proper in this district under Section 1391(b)(2) based on the location where the claims arose. Plaintiff asserts claims about various online gaming restrictions, non-payment of amounts allegedly owed to him, the closure of an account, and the failure to provide tax forms. Plaintiff states that his claims arose in "Pittsburgh, Pennsylvania, New York City, California[, and in an] online casino."  (*Id.* at 5.) No facts are alleged in the complaint about events that took place in New York.[2]

Plaintiff appears to have been located in Pittsburgh, Allegheny County, during his online gaming and other events giving rise to his claims. Allegheny County is in the Western District of Pennsylvania. 28 U.S.C. § 118(c). Venue of at least some claims is thus proper, under Section 1391(b)(2), in the Western District of Pennsylvania.

---

[1] Plaintiff also recently filed an action in West Virginia against MVB Bank, Inc., Fan Duel, Inc., the Pennsylvania Gaming Board, and others. *See Eaves v. MVB Bank, Inc.*, No. 24-CV-0076 (N.D. W.Va. filed Aug. 5, 2024).

[2] Plaintiff attaches to his complaint a document describing a Fan Duel, Inc. promotion, which states that "[t]he parties each agree to finally settle all disputes only through arbitration . . . ." (ECF 1 at 35.)

Whether or not venue is proper in the district where a case was filed, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Because Plaintiff does not reside in this district and the operative events did not arise here, his choice of forum is entitled to less deference. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001). Transfer appears to be appropriate in this case. Accordingly, the Court transfers this action to the United States District Court for the Western District of Pennsylvania. 28 U.S.C. §§ 1404(a), 1406.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Pennsylvania. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    August 6, 2024
          New York, New York

                    /s/ Laura Taylor Swain
                    LAURA TAYLOR SWAIN
                    Chief United States District Judge

3